UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UFCW LOCAL 152 HEALTH & WELFARE FUND; UFCW LOCAL 152 RETAIL MEAT PENSION FUND; and BRIAN STRING, TRUSTEE,<br><br>          Plaintiffs,<br><br>  v.<br><br>HOLIDAY SHOP N BAG AT WELSH ROAD; HOLIDAY SHOP N BAG AT DUGAN ROAD; MAYFAIR SHOP N BAG; and HOLIDAY THRIFTWAY,<br><br>          Defendants. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 15-6825<br><br>**OPINION** |

**APPEARANCES:**

O'BRIEN, BELLAND & BUSHINSKY, LLC
By: Mark E. Belland, Esq.
    Mark E. Poist, Esq.
1526 Berlin Road
Cherry Hill, New Jersey 08003
    Counsel for Plaintiffs

**HILLMAN**, United States District Judge:

    Plaintiffs UFCW Local Health & Welfare Fund and UFCW Local 152 Retail Meat Pension Fund, by and through Plaintiff Trustee Brian String, bring this suit for delinquent contributions pursuant to Sections 502(e)(1) and (f), and 515 of ERISA, and Section 301 of the LMRA.

1

Defendants Holiday Shop N Bag at Welsh Road, Holiday Shop N Bag at Dugan Road, Mayfair Shop N Bag, and Holiday Thriftway were all properly served with the summons and Complaint in this action on September 29, 2015 (see Docket Entry Nos. 5-8), but have failed to appear. The Clerk of Court properly entered default pursuant to Fed. R. Civ. P. 55(a) against all Defendants on November 23, 2015.

Presently before the Court is Plaintiffs' Motion for Default Judgment. For the reasons stated herein, the motion will be denied without prejudice, and Plaintiffs will be granted leave, within 30 days, to do one of two things and advise the Court of their choice: (1) file an affidavit in support of default judgment conforming to the allegations of the current Complaint; or (2) amend their Complaint to conform to the new evidence submitted in support of their Motion for Default Judgment and serve the Amended Complaint.

## I.

Defendants are signatories to a collective bargaining agreement ("CBA") with UFCW Local 152 ("the Union"). (Pls' Exhibit A)

The CBA requires Defendants to make certain contributions to both the Union's Health & Welfare Fund and the Pension Fund on behalf of Defendants' employees, who are members of the Union. (Compl. ¶ 15; Pls' Ex. A) Pursuant to the CBA and the

2

Funds' Policies and Procedures for Collection of Delinquent Contributions (Pls' Ex. B), Plaintiffs are entitled to interest and liquidated damages on any delinquent contributions.

**The Health & Welfare Fund**

The Complaint alleges that Defendants failed to make contributions to the Health and Welfare Fund during <u>May, June and July 2015</u>. (Compl. ¶ 16)

Plaintiffs' instant motion, however, states that Defendants have not made the required contributions to the Health and Welfare Fund for the period beginning May 2015 <u>through February 2016</u>. (Poist Aff ¶ 15)

Additionally, the Complaint alleges that a payroll audit for the plan year 2013 revealed a delinquency of $1,867.78. (Compl. ¶ 18)  Whereas the Motion for Default Judgment states that the delinquency is $1,916.82-- delinquent contributions of $1,478.00, plus $143.82 in interest, and $295.00 in liquidated damages. (Poist Aff ¶ 16)

**The Pension Fund**

The Complaint alleges that Defendants failed to make contributions to the Pension Fund during <u>December 2012, January 2013, and May through June 2015</u>. (Compl. ¶ 17)

Plaintiffs' instant motion, however, states that Defendants have not made the required contributions to the Pension Fund for

the period beginning December 2012 through February 2016. (Poist Aff ¶ 18)

Additionally, the Complaint contains no allegations concerning a payroll audit of the Pension Fund.  However, the instant Motion asserts that a payroll audit for the plan year 2014 revealed a delinquency of $489.39-- delinquent contributions of $488.30, plus $1.09 in interest. (Poist Aff ¶ 19)

## II.

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." *Chanel v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  However, a party seeking default judgment "is not entitled to a default judgment as of a right." *Franklin v. Nat'l Maritime Union of America*, No. 91-480, 1991 WL 131182, at *1 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), *aff'd*, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is "left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the Complaint, except those relating to damages, are deemed admitted, *Comdyne*

*I. Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," *Chanel*, 558 F. Supp. 2d at 535 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  If a review of the Complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment.

### III.

The allegations of the Complaint are significantly more narrow in scope than the claims asserted in the instant Motion for Default Judgment.  The Court cannot grant greater relief than that which is sought in the Complaint.  However, it appears that Plaintiffs have sufficient factual foundation for their expanded claims, and amendment would not be futile.  Moreover, in light of the procedural posture of this case, the Court perceives no prejudice to Defendants in granting leave to amend,

nor in allowing Plaintiffs an opportunity to file an affidavit conforming to the allegations currently pled in the Complaint.

**IV.**

For the above-stated reasons, the Motion for Default Judgment will be denied without prejudice, and Plaintiffs will be granted leave, within 30 days, to choose one of these two options.  First, Plaintiffs may choose to limit their claims, and therefore their damages, to the allegations of the Complaint that was served and seek a final judgment as to those amounts only.  Plaintiffs are entitled to a default judgment in that amount which the Court is unable to calculate independently.[1]  Upon a filing of an affidavit limited to those amounts and conforming to the allegations of the current Complaint, the Court will enter final judgment in that amount.

If, however, Plaintiffs seek to expand their claims to the additional amounts in the current affidavit, the Court will grant leave to amend their Complaint to conform to the new evidence submitted in support of their Motion for Default Judgment.  Plaintiffs will, of course, be obligated to serve the

---

[1] Because Plaintiffs have lumped their damages together the Court cannot determine the amount of damages appropriate to the defaulted Complaint.

6

Amended Complaint consistent with the Federal Rules of Civil Procedure.[2] An order accompanies this opinion.

Dated: December 16, 2016
At Camden, New Jersey                          _s/ Noel L. Hillman___
                                               **Noel L. Hillman, U.S.D.J.**

---

[2] Nothing in this Opinion bars Plaintiffs from seeking final judgment on the existing Complaint and then filing a new action asserting any new and additional claims as set forth in the affidavit or which may otherwise exist.